JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Containment Solutions, Inc.

**DEFENDANTS**

Hall Patent Group, LLC, William A. Hall and William Y. Hall

(b) County of Residence of First Listed Plaintiff  Montgomery County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Ellis County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

3-03CV-1325L

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jay M. Vogelson
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900 (telephone)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | | ☐ 870 Taxes (U S Plaintiff | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity)

Declaratory judgment action concerning patent

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  6-13-03

SIGNATURE OF ATTORNEY OF RECORD  /s/ Jay M. Vogelson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____



ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
JUN 13 2003
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| CONTAINMENT SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. _____ |
| | § | |
| HALL PATENT GROUP, LLC, | § | |
| WILLIAM A. HALL and | § | 3 03CV 1325 L |
| WILLIAM Y. HALL | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, Containment Solutions, Inc. ("CSI") alleges as follows:

1. This is an action for a declaratory judgment that the claims of U.S. Patent No. 6,422,413 ("The '413 Patent") are invalid, unenforceable and/or not infringed by any product of CSI.

2. This action arises under the laws of the United States, Title 15, United States Code and is based on an actual controversy between the parties with respect to alleged patent infringement by plaintiff CSI of the claims of the '413 Patent, upon information and belief, assigned to the defendant Hall Patent Group, LLC ("HPG").

3. This court has jurisdiction under 28 USC §1338(a), 2201 and 2202. Venue is proper in this district under 28 USC §1391(b) and (c).

4. Plaintiff CSI is a Delaware corporation located in the State of Texas, 5150 Jefferson Chemical Road, Conroe, Texas 77301-6834.

5. Upon information and belief, Defendant HPG is a limited liability corporation organized and existing under the laws of the State of Texas, having a place of business at 2705 Brombeck, Ennis, Ellis County, Texas.

6  Upon information and belief, defendants William A. Hall, residing at 3128 Pacific Coast Highway North, Torrence, California, and William Y. Hall, residing at 5029 Silver Arrow Road, Ronchopalosver, California, are individual named inventors on the '413 Patent.

7. All defendants are hereinafter referred to, collectively, as "HPG".

8. On January 29, 2003, William A. Hall and William Y. Hall, by their counsel, sent a letter to CSI, alleging infringement by CSI of the '413 Patent.

9. On February 12, 2003, CSI, by its counsel, sent a letter in response complaining of a failure by HPG to specify the products involved and the nature of the alleged infringement.

10. On March 28, 2003, the same counsel representing the Hall Patent Group, LLC, sent a letter to CSI alleging that all above ground gasoline storage tanks made by CSI which met a UL 2085 listing standard infringed the '413 Patent.

11. On April 1, 2003, CSI, by its counsel, sent a responsive letter, again complaining of a failure by HPG to specify the actual product alleged to infringe the '413 Patent, or the way in which the product allegedly met any specific claim limitations so as to infringe the '413 Patent.

12. On June 10. 2003, Mr. William A. Hall advised that patent infringement litigation against the alleged infringement of the '413 Patent was imminent.

13. Upon information and belief, CSI has been threatened by defendants infringement charge and fears that it will be forced to defend against baseless charges of infringement of the '413 Patent, and that CSI will be irreparably harmed should that occur.

## FIRST CLAIM

14. This is an action against HPG for a declaratory judgment that United States Patent No. 6,422,413 (hereinafter the '413 patent) has not been infringed by CSI, and is invalid and unenforceable.

15. This Court has jurisdiction of the subject matter pursuant to Title 28, United States Code, Sections 1338(a), 2201, and 2202. The venue is proper under Title 28, United States Code, Section 1391(b) and (c).

16. Plaintiff repeats and realleges the allegations of paragraphs 1 through 15, herein.

17. On information and belief, in view of the proceedings in the United States Patent and Trademark Office in the application for the '413 Patent, the claims of the patent are not lawfully entitled to any construction or interpretation which would be infringed by Plaintiff nor by any activity which Plaintiff has induced others to perform.

18. On information and belief, each of the claims of the '413 patent is invalid and void for failure to comply with the requirements of the patent laws of the United States, Title 35, United States Code, Sections 100 et seq., for at least one of the following reasons:

    (a) The claimed subject matter lacks patentable novelty.

    (b) Each of the claims fails to meet one or more of the conditions for patentability set forth in Title 35, United States Code, Sections 102 and 103, particularly in that:

        i. The invention claimed in said '413 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country; or

        ii. The invention claimed in said '413 Patent was patented or described

        in a printed publication in this or a foreign country or in use or on sale in this country, more than one year prior to the date of the application for said '413 Patent; or

  iii.    The applicant or his assignee abandoned the invention; or

  iv.    The invention claimed in said '413 Patent was described in a patent granted on an application for patent by another filed in the United States before the purported invention thereof by the applicant for said '413 patent, or on an international application by another who fulfilled the requirements of paragraphs (1), (2), and (4) of Section 371(c) of Title 35, United States Code, before the purported invention thereof by the applicant for the '413 Patent; or

  v.    The named inventor in the '413 Patent did not himself invent the subject matter claimed in the '413 Patent; or

  vi.    Before the purported invention by the inventor named in the '413 Patent, the claimed invention was made in this country by another who had not abandoned, suppressed or concealed it; or

  vii.    The differences between the claimed subject matter in the '413 Patent and the prior art are such that said subject matter as a whole would have been obvious at the time the purported invention was made by the inventor named in the '413 Patent to a person having ordinary skill in the art to which said subject matter pertains.

(c)    The disclosure in the '413 Patent is insufficient to comply with the requirements of Title 35, United States Code, Section 112.

(d) The '413 Patent does not particularly point out and distinctly claim that which the applicant asserted to be his alleged invention.

(e) The claims are not supported by a proper oath of the applicants pursuant to Title 35, United States Code, Section 115.

19. Upon information and belief, the '413 Patent is unenforceable for unclean hands.

20. Upon information and belief, the '413 Patent is unenforceable for patent misuse.

21. Upon information and belief, the '413 Patent is barred from enforcement by latches.

22. Upon information and belief, the '413 Patent is unenforceable for inequitable conduct committed by the applicants and/or their attorneys during the prosecution of the applications leading to the issuance of the '413 Patent.

**WHEREFORE** Plaintiff prays respectfully that, upon final hearing, the following relief be granted:

1) Judgment that United States Letters Patent No. 6,422,413 and all of the claims thereof are invalid, void and unenforceable;

2) That the Court adjudge and decree that Plaintiff is not infringing any of the claims of United States Letters Patent No. 6,422,413;

3) That the Court enjoin Defendants Hall Patent Group LLC, William A. Hall and William Y. Hall from asserting any of the claims of United States Letters Patent No. 6,422,413 against Plaintiff or any customers of Plaintiff;

4) That the Court award Plaintiff its costs, including reasonable attorney's fees;

5) That the Court make such further award, or grant such other relief to Plaintiff as the Court may deem just and appropriate.

Respectfully submitted,

*/s/ Jay Vogelson*

Jay M. Vogelson
State Bar No. 20603000
William F. LePage
State Bar No. 12216800
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900 (telephone)
(214) 969-4999 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**

William J. Sapone
Coleman Sudol Sapone P.C.
714 Colorado Avenue
Bridgeport, CT 06605